IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. BURGESS )  <br>      Plaintiff, )  <br>v. )  <br>UNITED STATES OF AMERICA )  <br>      Defendant. ) | Civil No. 02-cv-3694 |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks judicial review of a notice of determination issued by the Internal Revenue Service ("IRS") on May 7, 2002. (Compl. Ex. A.) The notice explained to plaintiff that the frivolous return penalty assessed against him was valid and the prerequisite notices were sent to plaintiff prior to the assessment of the penalty and prior to the issuance of the notice of levy. (Compl. Ex. A.) As such, the IRS determined that issuing of the notice of levy was an appropriate collection action. (Compl. Ex. A.) On June 6, 2002, plaintiff filed suit seeking judicial review pursuant to 26 U.S.C. § 6330(d) of a determination that the notice of levy proposed against plaintiff was appropriate and the frivolous return penalty assessment was valid. On August 10, 2002, the United States filed an answer in this case.

### STATEMENT OF FACTS

1. On April 3, 2000, the IRS assessed plaintiff with a $500 frivolous return penalty authorized by 26 U.S.C. § 6702 (a) against plaintiff for each of his 1995, 1996, and 1998 income tax returns. (Devine Decl. ¶ 11, Exs. 6, 7, 8.) The IRS assessed Robert Burgess ("Burgess") because his 1995, 1996, and 1998 tax returns reflected all zeros for taxable income and requested refunds. (Devine Decl. ¶ 10, Exs. 3, 4, 5.)

2. On the same date the IRS assessed Burgess, they issued to Burgess a notice and

demand letter.  (Devine Decl. ¶ 11, Exs. 6, 7. 8.)

3.	On July 1, 2000, the IRS issued to Burgess a Letter 1058, Final Notice–Notice of Intent to Levy under IRC § 6331 and Notice of Your Right to a Hearing under IRC § 6330.  (Devine Decl. ¶ 3, Ex. 1.)

4.	The Notice of Intent to Levy encompassed three civil penalty assessments, otherwise known as a frivolous return penalty assessments for the years 1995, 1996, and 1998.  (Devine Decl. ¶ 4.)  As of the date of the letter referred to in paragraph 1, the amount outstanding on this assessment was $1,539.63.  (Devine Decl. ¶ 4.)  This amount represented the frivolous return penalties in the sum of $1,500.00 and statutory additions in the sum of $39.63.  (Devine Decl. ¶ 4.)

5.	On July 26, 2000, the IRS received from Burgess a request for a collection due process hearing ("hearing") pursuant to 26 U.S.C. § 6330 (Form 12153), as to the appropriateness of collection (Notice of Intent to Levy) and challenging the underlying liability.  (Devine Decl. ¶ 5, Ex. 2.)

6.	Attached to the Form 12153, referred to in paragraph 5 herein, Burgess submitted a document entitled "Request for Due Process Hearing as provided for in Code Sections 6320 and 6330."  (Devine Decl. ¶ 6.)  This document requested a due process hearing, copies of the tax returns for the years 1995, 1996, and 1998, and copies of notices sent to him with respect to the assessments.  (Devine Decl. ¶ 6, Ex. 2.)

7.	Appeals Officer Edward Devine was assigned to conduct Burgess' hearing.  Appeals Officer Devine had no prior involvement with Burgess or the outstanding liability that was the subject of the Notice of Intent to Levy.  (Devine Decl. ¶ 7.)

8.	By letter dated April 4, 2002, Appeals Officer Devine informed Burgess that he was

assigned to his due process hearing and that it was scheduled for April 18, 2002 in the IRS's Wilkes-Barre office. (Devine Decl. ¶ 8.) The hearing was held on April 18. (Id.)

9. Having reviewed Burgess' administrative file, Devine concluded, pursuant to 26 U.S.C. § 6330, that all applicable legal and procedural requirements pursuant to the statute had been met in this matter. (Devine Decl. ¶ 9.)

10. The due process hearing was held on April 18, 2002. (Devine Decl. ¶ 8.)

11. During the hearing, Burgess challenged the validity of the assessment of the frivolous return penalties for the years 1995, 1996, and 1998. (Devine Decl. ¶ 10.) Devine reviewed copies of Burgess' 1995, 1996, and 1998 tax returns, along with the attachments, and examined the returns to determine if the frivolous return penalty was warranted pursuant to 26 U.S.C. § 6702. (Id.) The returns were filed showing all zeros for taxable income and requesting refunds of Federal income tax withheld. (Devine Decl. ¶ 10, Exs. 3, 4, 5.) In addition, attached to the returns were statements from Burgess asserting, in part, that no section of the Internal Revenue Code establishes an income tax liability. (Id.) In light of the review of the 1995, 1996, and 1998 returns and their attachments by Devine, he determined that the frivolous return penalty assessment was warranted. (Devine Decl. ¶ 10.)

12. Burgess also questioned the validity of the assessments on the grounds that the IRS failed to issue notice and demand letters. (Devine Decl. ¶ 11.) In response to this, Appeals Officer Devine reviewed copies of transcripts of Burgess's accounts which reflected that the IRS issued the notice and demand letters on April 3, 2000. (Devine Decl. ¶ 11, Exs. 6, 7, 8.)

13. During the hearing, Burgess did not suggest any collection alternatives. (Devine Decl. ¶

12.)

14.     Appeals Officer Devine determined that the issuance of a Notice of Levy balanced the need for efficient tax collection with the legitimate concern that any collection action be no more intrusive than necessary.  (Devine Decl. ¶ 13.)

15.     On May 7, 2002, a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or § 6330 was issued by the IRS and sent to Burgess.  (Devine Decl. ¶ 14, Ex. 9.) Along with the notice, the IRS also sent an attachment detailing the IRS's determination and reflecting what occurred during the collection due process hearing on April 18, 2002.  (Id.)

## STANDARD OF REVIEW

Internal Revenue Code Section 6330, which provides for a hearing prior to filing of a notice of levy and judicial review of the administrative determination made following that hearing, was added to the Code by Section 3401 of the IRS Restructuring and Reform Act of 1998, 112 Stat. 685, 747-49. Generally, courts will review determinations made pursuant to 26 U.S.C. § 6330 under an abuse of discretion standard.  See MRCA Info. Services v. United States, 145 F. Supp.2d 194, 199 (D. Conn. 2000).  However, when a taxpayer properly raises the validity of the underlying liability, as was done in this case, the court should review the liability *de novo*.  Jones v. Commissioner of Internal Revenue, 338 F.3d 463, 466 (5th Cir. 2003) (citing to Craig v. Commissioner of Internal Revenue, 119 T.C. 252, 260 (2002).  Nonetheless, only the liability is reviewed *de novo*.  See H.R. Conf. Rep. No. 599, 105th Cong., 2d Sess. 266; 1998 U.S.C.C.A.N. 288 (1998).  The administrative determinations are reviewed for an abuse of discretion.  See Danner v. United States, 208 F. Supp.2d 1166, 1171 (E.D.

Wash. 2002); MRCA Info. Services, 199 F. Supp.2d at 199; Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Although Section 6330(d) does not state the standard of review, the legislative history does. "Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is a part of the appeal, no levy may take place during the pendency of the appeal. The amount of the tax liability will in such cases be reviewed by the appropriate court on a *de novo* basis." H.R. Conf. Rep. No. 599, 105th Cong., 2d Sess. 266, 1998 U.S.C.C.A.N. 288 (1998). The other administrative determinations are reviewed under the abuse of discretion standard. Under the abuse of discretion standard, the reviewing court is not to substitute its own judgment for that of the agency, but should determine whether the agency decision was based on consideration of relevant factors and whether there has been a clear error of judgment. See Motor Vehicle Manufacturers Ass'n v. State Farm Mutual Auto Ins. Co., 463 U.S. 29, 43 (1983). Moreover, in its review of the agency's exercise of discretion, the court is limited to the case history of the hearing. See Camp v. Pitts, 411 U.S. 138, 142 (1973); Dodley's Commercial & Industrial Coating, Inc. v. Internal Revenue Service, 2003 WL 1950237, *9 (M.D. Tenn. Mar. 17, 2003).

ARGUMENT

I.  PLAINTIFF'S 1995, 1996, AND 1998 INCOME TAX RETURNS ARE PATENTLY FRIVOLOUS AND THE ASSESSMENTS ARE VALID

For the years 1995, 1996, and 1998, plaintiff filed income tax returns reflecting all zeros despite being employed as an electrician. (Devine Decl. ¶ 10, Exs. 3, 4, 5.) Although he failed to pay any income taxes as reflected in his returns, Burgess requested tax refunds for those years. (Id.)

Moreover, plaintiff attached to each return a document stating, in part, that he is not required to pay taxes on his income because his earnings do not constitute income pursuant to the Corporation Excise Tax Act of 1909 and that the law does not require him to pay income taxes. Clearly, plaintiff's 1995, 1996, and 1998 income tax returns are patently frivolous and, as such, plaintiff is liable for the frivolous return penalty assessments. See 26 U.S.C. § 6702.

Wages are income. United States v. Connor, 898 F.2d 942, 944 (3d Cir. 1990). In 1990, the Court of Appeals warned that it "will view arguments to the contrary as frivolous." Id.; Angstadt v. Internal Revenue Service, 1999 WL 820866, *2 (E.D. Pa. Oct. 12, 1999). Judge Katz of this district has characterized the argument that wages are income as "frivolous at best." White v. United States Government, 969 F. Supp. 321, 324 (E.D. Pa. 1997) ("The federal courts have repeatedly rejected the argument that wages are not taxable income and have found that such an argument is frivolous at best."); Hill v. United States, 599 F. Supp. 118, 120 (M.D. Tenn. 1984) (stating that "if anything in our tax law is clear, it is that 'WAGES ARE INCOME.'"). "[A]ny contention to the contrary is patently frivolous; that any document which purports to be a federal income-tax return ... and which attempts to reduce one's tax-liability by excluding wages or salary from taxable-income, on the ground that they do not constitute taxable-income is frivolous within the meaning of 26 U.S.C. § 6702(a)." Beckelhimer v. United States, 623 F. Supp. 115, 115-16 (M.D. Tenn. 1985).

In this case, plaintiff's 1995, 1996, and 1998 tax returns state that plaintiff had zero income in spite of his admissions that he was employed as an electrician and had earnings – despite his classification that it was not income under the Corporation Excise Act of 1909. (Devine Decl. ¶ 10, Exhs. 3, 4, 5.) Moreover, the attachment to plaintiff's returns provide that no section of the Internal

Revenue Code establishes an income tax liability. (Id.) On its face this is a frivolous argument, justifying the imposition of a frivolous return penalty. Kahn v. United States, 753 F.2d 1208, 1214 (3d Cir. 1985)("[S]ection 6702 . . . requir[es] only that the taxpayer assert a position that is frivolous, i.e, meritless, from the perspective of the tax laws."). Thus, the IRS properly assessed the frivolous return penalty imposed by 26 U.S.C. § 6702(a).

As further proof of the validity of the assessment, the Form 4340, Certificate of Assessments and Penalties, attached as Exhibits 6, 7, and 8 to the Declaration of Appeals Officer Edward Devine, states that on April 3, 2000, the IRS assessed the $500 frivolous return penalty authorized by 26 U.S.C. § 6702(a). Generally, courts have held that the Form 4340 provides presumptive evidence that the tax has been validly assessed under 26 U.S.C. § 6203. See Freck v. Internal Revenue Service, 37 F.3d 986, 991-92 n.8 (3d Cir. 1994); Psaty v. United States, 442 F.2d 1154, 1159 (3d Cir. 1971); Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); Hefti v. IRS, 8 F.3d 1169, 1172 (7th Cir. 1993); Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993); Geiselman v. United States, 961 F.2d 1, 5–6 (1st Cir. 1992); Rocovitch v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991); United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir. 1989). Indeed, "Certificates of Assessments and Payments are routinely used to prove that a tax assessment has in fact been made." Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992). Plaintiff has not demonstrated any irregularity in the assessment procedure that would raise a question about the validity of the assessment. Finally, the certificates, in the absence of contrary evidence, are sufficient to support a grant of summary judgment on the facts reflected thereon. E.g., Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); United States v. Lorson Electric Co., 480 F.2d 554, 555 (2d Cir. 1973); United States v. Davenport, 106 F.3d 1333,

1336 n.4 (7th Cir. 1997); <u>United States v. Ahrens</u>, 530 F.2d 781, 784-86 (8th Cir. 1976).

Accordingly, plaintiff is liable for the frivolous return penalty assessments.

II.     <u>THE IRS DID NOT ABUSE ITS DISCRETION IN DETERMINING THAT THE COLLECTION ACTIVITY WAS APPROPRIATE</u>

The IRS submits that it is entitled to judgment as a matter of law because the IRS Appeals Office did not abuse its discretion in its administrative determinations. The IRS complied with all the procedural requirements with respect to plaintiff's requests for a collection due process hearing, and made its determination based on the record.

In this case, all the requirements of the statute have been met. Section 6330 requires that the due process hearing be conducted by the Internal Revenue Service Office of Appeals, and that the hearing officer have had no prior involvement with the particular tax which is the subject of the proposed collection activity. Plaintiff's hearing was conducted by Appeals Officer Edward Devine, who had no prior involvement with plaintiff's unpaid frivolous penalty assessments. (Devine Decl. ¶ 7.) In addition, the statute requires that the appeals officer verify that the requirements of any applicable law or administrative procedure have been met. <u>See</u> 26 U.S.C. § 6330(c)(1). Devine did so. (Devine Decl. ¶ 9.)

On April 18, 2002, a hearing was held regarding plaintiff's request for a collection due process hearing. (Devine Decl. ¶ 8.) During the hearing, plaintiff did not raise any collection alternatives. (Devine Decl. ¶ 12.)

During the hearing, plaintiff challenged the validity of the frivolous return penalties assessed against him based on his tax returns for the years 1995, 1996, and 1998. (Devine Decl. ¶ 10.) In

analyzing this challenge, Devine reviewed a copy of Burgess' 1995, 1996, and 1998 tax returns, along with their attachments, and examined the returns to determine if the frivolous return penalty was warranted pursuant to 26 U.S.C. § 6702. (Devine Decl. ¶ 10.) The returns were filed showing all zeros for taxable income and requesting refunds. (Devine Decl. ¶ 10, Exs. 3, 4, 5.) In addition, attached to the return, was a statement from Burgess asserting, in part, that no section of the Internal Revenue Code establishes an income tax liability. (Devine Decl. ¶ 10, Exs. 3, 4, 5.) In light of the review of the returns and their attachments, Devine determined that the frivolous return penalty assessments were warranted. (Devine Decl. ¶ 10); 26 U.S.C. § 6702. See Kahn, 753 F.2d at 1214; see also Gillet v. United States, 233 F. Supp.2d 874, 880 (W.D. Mich. 2002)(upholding the imposition of the frivolous return penalty assessment when the taxpayer files a return showing no income even though W-2 includes wages); Danner v. United States, 208 F. Supp.2d 1166, 1171-72 (E.D. Wash. 2002)(finding the taxpayers were liable for the frivolous return penalty assessment since their return included zero as taxable income even though they also included federal income tax withheld in their return).

In addition, Burgess questioned the validity of the assessment on the ground that the IRS failed to issue the requisite notice and demand letters. (Devine Decl. ¶ 15.) In response to this, Devine reviewed transcripts of Burgess' accounts which reflected that the demand letters were issued to Burgess on April 3, 2000. (Devine Decl. ¶ 11, Exs. 6, 7, 8.).

Finally, the IRS determined that the issuance of the notices of intent to levy and filing of the notice of Federal tax lien balanced the need for efficient tax collection with the legitimate concern that any collection action be no more instrusive than necessary. (Devine Decl. ¶ 13, Ex. 9.)

All the procedural requirements of section 6330 were satisfied. The appeals officer based his determination on all relevant factors presented, and there was no clear error of judgment. There has been no abuse of discretion in the administrative determinations.

III.   THE COURT LACKS JURISDICTION TO CONSIDER PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

It is well settled that the United States, as a sovereign, is immune from suit without its consent. See United States v. Mitchell, 463 U.S. 206, 215 (1983); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Alabama, 313 U.S. 274, 282 (1971). Any waiver of immunity by the United States must be explicit and is strictly construed. E.g., Lehman v. Nakshian, 453 U.S. 156, 170-71 (1981). Furthermore, a plaintiff must identify a statute by which the United States has expressly waived sovereign immunity for the particular action commenced. United States v. Sherwood, 312 U.S. 584, 586 (1941). In the event that the United States has not waived sovereign immunity, the action must be dismissed. E.g., United States v. Mottaz, 476 U.S. 834, 851 (1986); Testan, 424 U.S. at 399.

Applicable to the case is the waiver of sovereign immunity found in 28 U.S.C. § 6330(d). Section 6330(d) provides that a taxpayer may seek judicial review of a determination issued by the IRS Office of Appeals. 26 U.S.C. § 6330(d)(1). The statute does not provide a remedy for taxpayers seeking punitive damages.

To the extent that he seeks punitive damages, plaintiff has failed to demonstrate that the United States has waived its sovereign immunity. As set forth above, there is no waiver of sovereign immunity for a claim of punitive damages brought under 26 U.S.C. § 6330. Thus, because plaintiff has not established a waiver of sovereign immunity, the Court lacks subject matter jurisdiction to consider

10

plaintiff's claim for punitive damages and plaintiff's claim should be dismissed.

## CONCLUSION

The plaintiff's tax returns are patently frivolous and the frivolous return penalty assessments are appropriate. Moreover, the IRS did not abuse its discretion in its administrative determinations in the course of plaintiff's collection due process hearing. Accordingly, the collection action of the IRS should be sustained. Plaintiff's request for punitive damages should be dismissed for lack of jurisdiction.

DATED:   November _____, 2003

        Respectfully submitted,

        PATRICK L. MEEHAN
        United States Attorney

        _____

        BEATRIZ T. SAIZ
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-6585