IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT J. BURGESS           )
       Plaintiff,            )
  v.                        )   Civil No. 02-cv-3694
UNITED STATES OF AMERICA    )
       Defendant.            )

### DECLARATION OF EDWARD J. DEVINE

Commonwealth of Pennsylvania    )
                                      ) ss
City of Philadelphia            )

      Edward J. Devine, being of legal age and pursuant to the provisions of 28 U.S.C. § 1746(2), declares and states as follows:

      1.    I am an Appeals Officer with the Philadelphia Appeals Office of the Internal Revenue Service. I have been an Appeals Officer for twenty years, and have worked for the IRS for thirty years. My current post of duty is Philadelphia, PA.

      2.    As an Appeals Officer, one of my duties is to conduct hearings requested by taxpayers under 26 U.S.C. §§ 6320 and 6330 for review of proposed administrative collection actions to be taken by the Internal Revenue Service.

      3.    On July 1, 2000, the IRS issued to Robert J. Burgess ("Burgess"), a Letter 1058, Final Notice–Notice of Intent to Levy under IRC § 6331 and Notice of Your Right to a Hearing under IRC § 6330. A true and correct copy of the Notice of Intent to Levy is attached hereto as Exhibit 1.

      4.    The Notice of Intent to Levy encompassed three civil penalty assessments, otherwise known as frivolous return penalty assessments, for the years 1995, 1996, and 1998. As of the date of the letter referred to in paragraph 3, the amount outstanding on this assessment was

$1,539.63. This amount represented the frivolous return penalties in the sum of $1,500.00 and statutory additions in the sum of $39.63.

5. On July 26, 2000, the IRS received from Burgess a request for a collection due process hearing ("hearing") pursuant to 26 U.S.C. § 6330, as to the appropriateness of collection ( Notice of Intent to Levy) and challenging the underlying liabilities. A true and correct copy of Form 12153, is attached hereto as Exhibit 2.

6. Attached to the Form 12153, referred to in paragraph 5, Burgess submitted a document entitled "Request for Due Process Hearing as provided for in Code Sections § 6320 and 6330." This document requested the following: a due process hearing; copies of the returns related to the frivolous return in penalty assessment; and proof that the deficiency notices were sent to him. A true and correct copy of the "Request for Due Process Hearing" is attached hereto as part of Exhibit 2a.

7. I was assigned to conduct Burgess' hearings. I had no prior involvement with Burgess or the outstanding liabilities that were the subject of the Notice of Intent to Levy.

8. By letter dated April 4, 2002, I informed Burgess that the due process hearing was scheduled for April 18, 2002, in the IRS's Wilkes-Barre office. The hearing was held on that date.

9. Having reviewed Burgess' administrative file, I concluded, pursuant to 26 U.S.C. § 6330, that all applicable legal and procedural requirements pursuant to the statute had been met in this matter.

10. During the hearing, Burgess challenged the validity of the assessment of the frivolous return penalties for the year 1995, 1996, and 1998. I reviewed a copy of Burgess' 1995,

1996, and 1998 tax returns, along with the attachments, and examined the return to determine if the frivolous return penalties were warranted pursuant to 26 U.S.C. § 6702. The 1995, 1996, and 1998 returns were filed showing all zeros for taxable income and requesting a refund of Federal income tax withheld. In addition, attached to the returns were statements from Burgess asserting, in part, that no section of the Internal Revenue Code establishes an income tax liability. In light of my review of the 1995, 1996, and 1998 returns and its attachments, I determined that the frivolous return penalty assessments were warranted. True and correct copies of the 1995, 1996, and 1998 tax returns and its attachments are attached hereto as Exhibits 3, 4, and 5.

11. In addition, Burgess questioned the validity of the assessments on the grounds that the IRS failed to issue the requisite notice and demand letters. In response to this, I reviewed transcripts of Burgess' accounts which show that the IRS issued the notices on April 3, 2000. A true and correct copy of the transcripts are attached hereto as Exhibits 6, 7, and 8.

12. During the hearing, Burgess did not suggest any collection alternatives.

13. I determined that the proposed levy actions balanced the need for efficient tax collection with the legitimate concern that any collection action be no more intrusive than necessary.

14. On May 7, 2002, the IRS issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or § 6330 to Burgess. The notice provides that the IRS may pursue the proposed levy action along with the notice, the IRS also sent an attachment detailing the IRS's determination and reflecting what occurred during the collection due process hearing on April 18, 2002. A true and correct copy of the notice and attachment are attached hereto as Exhibit 9.

FURTHER, declarant says not.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 14, 2003.

_____
EDWARD J. DEVINE
Appeals Officer
Internal Revenue Service
Appeals Office
Mellon Independence Center
701 Market Street, Suite 2200
Philadelphia, PA 19106