# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

(Print) Taxpayer Name(s): ROBERT J. BURGESS

(Print) Address: 41 BACKBRANCH RD BLOOMSBURG, PA 17815

Daytime Telephone Number: 570-387-8388   Type of Tax/Tax Form Number(s): _____

Taxable Period(s): PERIODS ENDING 12-31-95 / 12-31-96 / 12-31-98

Social Security Number/Employer Identification Number(s): 171-44_____

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [ __ ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

_____ Filed Notice of Federal Tax Lien (Explain why you don't agree. Use extra sheets if necessary.)

✓ Notice of Levy/Seizure (Explain why you don't agree. Use extra sheets if necessary.)
   SEE ATTACHED PAGES

RECEIVED
07 26 00
IRS - _____

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: _Robert J. Burgess_

Taxpayer's or Authorized Representative's Signature and Date: _____

RECEIVED
JUL 2 6 2000
ASB SECTION I
CS II - UNIT E

**GOVERNMENT EXHIBIT 2**

IRS Use Only:

IRS Employee (Print): _____    IRS Received Date: _____

Employee Telephone Number: _____

Form **12153** (01-1999)    Catalog Number 26685D    Department of the Treasury - Internal Revenue Service
(Over)

EXHIBIT 2

**Where to File Your Request**

It is important that you file your request using the address shown on your lien or levy notice. If you have been working with a specific IRS employee on your case, you should file the request with that employee.

**How to Complete Form 12153**

1. Enter your full name and address. If the tax liability is owed jointly by a husband and wife, and both wish to request a Collection Due Process Hearing, show both names.

2. Enter a daytime telephone number where we can contact you regarding your request for a hearing.

3. List the type(s) of tax or the number of the tax form(s) for which you are requesting a hearing (e.g. Form 1040, Form 941, Trust Fund Recovery Penalty, etc.).

4. List the taxable periods for the type(s) of tax or the tax form(s) that you listed for item 3 above (e.g., year ending 12-31-98, quarter ending 3-31-98).

5. Show the social security number of the individual(s) and/or the employer identification number of the business(s) that are requesting a hearing.

6. Check the IRS action(s) that you do not agree with (Filed Notice of Federal Tax Lien and/or Notice of Levy/Seizure). You may check both actions if applicable.

7. Provide the specific reason(s) why you do not agree with the filing of the Notice of Federal Tax Lien or the proposed Notice of Levy/Seizure action. One specific issue that you may raise at the hearing is whether income taxes should be abated because you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return. You must, however, elect such relief. You can do this by checking the indicated box and attaching Form 8857 to this request for a hearing. If you previously filed Form 8857, please indicate when and with whom you filed the Form.

8. You, or your authorized representative, must sign the Form 12153. If the tax liability is joint and both spouses are requesting a hearing, both spouses, or their authorized representative(s), must sign.

9. It is important that you understand that we are required by statute to suspend the statutory period for collection during a Collection Due Process Hearing.

## REQUEST FOR A COLLECTION DUE PROCESS HEARING AS PROVIDED FOR IN CODE SECTIONS 6320 & 6330

Please note that I have attached to this request, page 73 of Senator Roth's book "The Power to Destroy." It states: "...recent internal investigations by the Internal Revenue Service itself admit that far too many of the countless assessments, seizures, levies, and liens that the IRS executes each year are inappropriate and *in open violation of the law.*" (Emphasis Added) Senator Roth is Chairman of the Senate Finance Committee that investigated the IRS and itself found wide scale IRS abuse. This resulted in Congress establishing, *for the protection of the public*, the "Right to fair hearing" (as provided for in 6320(b)(1)) in order to prevent the *illegal levies* and *"violations of law"* being perpetrated by IRS employees as revealed by those investigations and in Senator Roth's book. Thus if any IRS employee attempts to deny me the "Due Process Hearing" *guaranteed to me by law*, or recommends that seizure action be taken *without producing the documentation required* by Sections 6320 and 6330 or without addressing the issues provided for in these Code Sections, I will seek damages pursuant to Code Section 7433 and *seek that employee's termination* pursuant to paragraph 6, Section 1203 of the IRS Restructuring Act of 1998.

In addition, I have attached several pages from the Supreme Court decision "*Federal Crop Insurance v. Merrill*, 332 U.S. 380. Please note that the Supreme Court stated that "Anyone entering into an arrangement with the government *takes the risk of* having accurately ascertained that he who purports to act for the government stays within the bounds of his authority." In addition, the Solicitor General of the United States argued to the Court that "Those dealing with an officer or agent of the United States *must be held to have had notice of the limitations* upon his authority," and that they are "duty bound to read the Regulations."

It is clear that before any appeals officer can recommend the seizure of any property pursuant to Code Section 6331 certain elements have to be present. For one thing (pursuant to that statute) that person has to be statutorily "liable to pay" the taxes at issue, and only after he "neglects or refuses to pay the same within 10 days after notice and demand," can his property be subject to seizure. Therefore, apart from the appeals officer having to identify the statute that makes me "liable to pay" the taxes at issue, he needs to have a copy of the "notice and demand" which I "neglected" and "refused" to pay. In addition, I can't be "liable" to pay an income tax, if the tax in question has never been assessed against me as required by Code Sections 6201 and 6203. So I will need to see a copy of the record of my assessments. And since (as provided by Code Section 6201(a)(1) and IRS Transaction Code 150) all assessments have to be based on filed returns, *I will have to see a copy of the return upon which any claimed assessment is based.* In lieu of producing these specific documents "verification from the Secretary (of the Treasury) that the requirements of any applicable law or administrative procedure have been met," will be acceptable. But the appeals officer better have either the specific documents as identified above, or "verification from the Secretary." If the appeals officer

GOVERNMENT EXHIBIT

can produce neither, than no Due Process Hearing should have been scheduled. If the appeals officer recommends "enforcement of collection action including levy," without having produced these specific documents, then it will be obvious that the appeals officer **is simply attempting to thwart and circumvent the law in order to enable the IRS to continue its practice of making the illegal seizures uncovered by the Senate Finance Committee, as referred to by Senator Roth in his book,** and which *THE "DUE PROCESS HEARING" was designed to eliminate.*

Summarizing: I am requesting a "Due Process Hearing" as outlined in Form 12153. I am "challenging the appropriateness of (the) collection action" as specified in 6330(c) (2)(A)(ii) since the IRS denied all of my requests for the initial "examinations" and "interviews" as provided for in Publications 1 & 5. In addition, no lien for taxes pursuant to Code Sections 6321 and 6322 is possible because no valid, underlying assessment was ever made. In addition, I never received the *statutory* "notice and demand" for payment of the taxes at issue as required by Code Sections 6203, 6321, and 6331. If the appeals officer is going to claim that a particular document sent to me by the IRS was a "Notice and Demand" for payment, then I am requesting that he also provide me with a T.D. or Treas. Reg. which identifies that specific document as being the official, *statutory* "Notice and Demand" for payment.

In addition, I am "challenging the existence of the underlying tax liability" as I am authorized to do in Code Section 6330(c)(2)(B). In addition, I did not receive a (valid) notice of deficiency in connection with any of the years at issue. I am also requesting that the appeals officer have at the "Due Process Hearing" a copy of the "Summary Record of Assessment" (Form 22 C) together with the "pertinent parts of the assessment which set forth the name of the taxpayer, the date of the assessment, the character of the liability assessed, the taxable period, and the amount assessed" as provided for in Treas. Reg. 301.6203-1.

In addition, I want to see proof that a purported Deficiency Notice was actually sent to me. Also since Section 6330(c)(1) requires that "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met," I am requesting that the Appeals Officer *have such verification with him* at the Appeals Conference. However, if the verification called for by 6330(c)(1) is signed by someone *other than the Secretary himself*, then- in line with the Supreme Court's holding in *Federal Crop Ins. Corp. v. Merril*, 92 L.Ed. 11 - I am requesting that the Appeals officer also have a Delegation Order from the Secretary delegating to that person the authority to prepare such a "verification."

\*\*\*\*\*\*\*\*\*\*\*

# FEDERAL CROP INSURANCE CORPORATION

v.

A. A. MERRILL and N. D. Merrill, Co-partners, Doing Business under the Firm Name and Style of Merrill Bros.

1947.

(332 US 380-388.)

FEDERAL CROP INS. CORP. v. MERRILL

332 US

## HEADNOTES

Classified to U.S. Supreme Court Digest, Annotated

United States, § 69 — contracts — liability — tests.

1. The fact that the government has taken over a business or is engaging in competition with private ventures does not subject it to the same tests of liability as in the case of private individuals.

Insurance, § 20 — by governmental agency — liability for acts of agents.

2. The rules of law whereby private insurance companies are rendered liable for the acts of their agents are not bodily applicable to the Federal Crop Insurance Corporation unless Congress has so provided.

[See annotation reference, 1.]

Corporations, § 233; United States, § 25 — governmental agencies.

3. The government may carry on its operations through convenient executive agencies or through corporate forms especially created for defined ends.

United States, § 87 — powers of agent — duty to ascertain.

4. Anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority.

Insurance, § 164 — estoppel by agent's knowledge of facts — Federal Crop Insurance Corporation.

5. The Federal Crop Insurance Corporation is not bound by assurance given to a farmer by its local agents that his crop was insurable, where a valid regulation published in the Federal Register but not in fact known to the farmer or to the local agents precluded coverage. [Four Justices dissented.]

[See annotation references, 1 and 2.]

EXHIBIT 1