Internal Revenue Service　　　　　　　　　　　　　Department of the Treasury
General Appeals
Appeals Office                                    **Person to Contact:**
701 Market Street                                   Edward Devine
Suite 2200                                          Employee ID Number: 23-08242
Philadelphia, PA 19106                              Tel: 215.597.2177 Ext. 132
                                                    Fax: 215.597.7827
                                                  **Refer Reply to:**
Date: MAY - 7 2002                                  AP:GEN:PA:PHI:
                                                  **SSN/EIN Number:**
                                                    171-4
Robert J Burgess                                  **Tax Type/Form Number:**
41 Back Branch Rd                                   Civil Penalty
Bloomsburg, PA 17815                              **Tax Period(s) Ended:**
                                                    12/1995; 12/1996; & 12/1998
                                                  **In Re:**
                                                    Due Process Appeal (District Court)

**Certified Mail**

NOTICE OF DETERMINATION
CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Mr. Burgess:

We have reviewed the proposed collection action for the period(s) shown above. This letter is your legal Notice of Determination, as required by law. A summary of our determination is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.

If you want to dispute this determination in court, you have 30 days from the date of this letter to file a complaint in the appropriate United States District Court for a redetermination.

The time limit for filing your complaint (30 days) is fixed by law. The courts cannot consider your appeal if you file late. If the court determines that you made your complaint to the wrong court, you will have 30 days after such determination to file with the correct court.

If you do not file a complaint with the court within 30 days from the date of this letter, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached pages(s).

If you have any questions, please contact the person whose name and telephone number are shown above.

**Summary of Determination**

The Service may take the proposed levy action.


                                                  Sincerely,

                                                  Sheryl E. Weiner
                                                  Appeals Team Manager

GOVERNMENT'S EXHIBIT

| Taxpayer | Type of Tax | Period |
|---|---|---|
| Robert Burgess | Civil Penalty | 199512 |
| | Civil Penalty | 199612 |
| | Civil Penalty | 199812 |

**Date of CDP Notice:** July 1, 2000        **Date of CDP Request:** July 26, 2000

**Legal and Procedural Requirements**

The penalties in issue were assessed because the Service determined that you filed a frivolous return for each period. The Appeals Officer reviewed the filed returns and agrees with the Service's determinations that the returns were frivolous and that the penalties were properly assessed.

IRC Sec. 6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. A transcript of your account shows the Service issued this notice to you on April 3, 2000; the obligations remain unpaid.

IRC Sec. 6331(d) requires the IRS must notify a taxpayer at least 30 days before Notice of Levy may be issued. A transcript of your account shows the Service issued the Notice of Intent to Levy to you on May 29, 2000.

IRS Sec. 6330(a) states that no levy may be made unless the service notifies a taxpayer of the right to request a hearing before an Appeals Officer at least 30 days prior to serving the levy. In accordance with IRC Sec. 6330, the Service issued L-1058, Notice of Intent to Levy and Your Right to a Hearing, on July 1, 2000, to you for the periods being considered for this hearing. Your Request for a Collection Due Process Hearing (Form 12253) was mailed on July 26, 2000, and as such is timely.

This Appeals Officer has had no prior involvement with respect to this liability; also no spousal issues are applicable.

**Validity of the Assessment**

The assessment is valid.

**Challenges to the Appropriateness of the Collection Actions**

You raised only frivolous arguments on the Form 12153 and at the collection due process hearing.

**Collection Alternatives Considered**

At the collection due process hearing you were offered the opportunity to discuss alternatives to the proposed levy action. You did not propose any collection alternatives.

**Balancing Efficient Collection and Intrusiveness**

IRC 6330 requires that the Appeals Officer consider whether any collection actions balance the need for efficient tax collection with the legitimate concern that any collection action be no more intrusive than necessary. You have not provided an acceptable repayment alternative to the proposed levy action that would satisfy the underpayments. Therefore, it is determined that the proposed levy action balances the Government's need for effective tax collection with your legitimate concerns of intrusiveness.